FARNSWORTH vs. CONVERSE and others.

The levy of an execution on real estate is not within the statute to prevent fraudulent speculations and sales of choses in action, passed the 28th day of October, 1807, and such levy is not rendered void by the possession of a third person holding adversely to the debtor at the time of the levy.

THIS was an action of ejectment for 11 acres of land in the town of Fairfax.

*Franklin, December, 1813.*

Plea—*The General Issue.*

On trial the plaintiff proved that on the the 29th day of August, 1809, the legal title to the land in question was in Levi House; and that on the same 29th day of August, he, the plaintiff, caused an execution in his favour against Levi House to be duly levied on the same land, which had not been redeemed. It further appeared in evidence, that the judgment on which the execution issued was rendered by confession before a Justice of the Peace, and that the defendants, at the time of the judgment, were in possession of the premises, holding the same adversely to Levi House the debtor, and that they so continued in possession when the execution was levied.

*Van Ness,* for the defendant, insisted that the levy of the execution was within the statute to prevent fraudulent speculations and sales of choses in action, passed the 28th day of October, 1807.— That, as the judgment was rendered by confession, it must be un-

*Franklin,*
December,
1813.

*Farnsworth*
*vs.*
Converse
et al.

derstood as a mode of conveyance agreed upon between the parties. The statute extends to all bargains, sales, deeds, leases and other conveyances, and declares them in all cases of an actual adverse possession at the time of such conveyance to be null and void.— That as the statute was made for the prevention of frauds, it ought to be construed liberally as it respects the remedy. It was intended to prevent a title, in the situation described, from passing by the act of the parties or either of them. An execution levied on lands is a conveyance no less than a fine or recovery in the English Law. The statute extends to every mode of conveying land except by descent, whether it be by act of the parties or operation of law. It extends to a devise—to a conveyance by an administrator, though made under an order by a Judge of Probate. Such from the generality of the expression made use of in the statute, was clearly the intention of the Legislature ; and Courts will not countenance evasions, but give the statute its full effect. He therefore offered to introduce evidence to prove that in this case it was in fact a mode of conveyance agreed upon between the plaintiff and Levi House, with a view of evading the statute.

*Aldis* and *Turner,* for the plaintiff, insisted that the statute was in derogation of common right, and not to be extended beyond the letter.—That the language of the act extended only to conveyances made by the voluntary act of the vendor or grantor, and does not extend to creditors levying executions on lands of their debtors. But if it do extend to such cases, all such levies are void without any reference to the origin of the debt or the intention of the parties. But the statute does not extend to any transmission of title by operation or compulsion of law. It could not have been the intention of the Legislature to lock up against creditors all the lands of their debtors of which third persons might have obtained possession without right.

*By the Court.* This case is not within the statute. The statute extends only to conveyances by the act of the party, from whom the title is intended to pass—the grantor, vendor, or lessor. The estate passes at the election of the creditor by operation of law. The statute is to be considered as a positive law, and is not to be extended beyond the plain import of the words. But if it will admit of an equitable construction, surely a tortious possessor can have

very little equity against the honest creditor of the rightful owner. It cannot be permitted to go into an inquiry whether the debtor consented to the levy, for the purpose of making him *quasi* a vendor or grantor; and it would be too much to say, that all the lands of a debtor, of which, however good his title, there may be an adverse possession, are to remain locked up against his creditors until he shall be able or willing to liberate them. There might rather seem to be some reason for limiting the act, in its construction, so as to exempt from its operation all conveyances made by order of law, a$^s$ in case of commissioners under an act of insolvency, and of an administrator under an order of a Judge of Probate.

*Franklin,*
*December,*
*1813.*

Farnsworth
*vs.*
Converse.

The evidence was rejected.

Verdict for the plaintiff.